## LEONARD PIERCE *vs.* WILLIAM DELESDERNIER.

If an execution is delivered to an officer, with instructions to call upon the debtor, and to return the execution to be discharged upon securing one sixth part thereof, the officer is entitled only to fees for his travel and on the amount secured.

On collecting an execution an officer is entitled to his travel, computing the distance *by the road usually travelled,* whether he in fact travels a more or a less distant way to suit his own convenience.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit for money had and received. It was proved at the trial that Messrs. *Downes & Cooper,* attorneys of the creditors, in 1833, at *Calais,* placed in the hands of the defendant, then sheriff of the county, an execution in favor of *T. West & al.* against *Pierce,* then in force, for the sum of $2490,84, damages, and $12,85 costs, informing him that an arrangement had been made between the creditors and debtor whereby the execution was to be discharged on *Pierce's* paying $400 in four notes of 100 each, with good sureties, and instructing him, that on receiving such notes, and collecting the costs, $12,85, he might return the execution to be discharged. Mr. *Downes* stated, that the defendant took the execution and was to go to *Houlton* where *Pierce* resided, to have that arrangement effected; that he did not recollect whether he named the sureties to be obtained, or referred it to the defendant to take such sureties as he should think proper; that he presumes he ordered the defendant to commit *Pierce,* unless he should furnish the notes and pay the costs, and that he has this impression because it was his practice to give such orders in similar cases; that the defendant went to *Houlton,* and there procured the notes, and afterwards delivered them over to the witness, with the costs, at *Calais,* and the witness thereupon discharged the execution. It appeared from the testimony in the case, that the nearest road between *Calais* and *Houlton* was eighty or ninety miles; that the road on this route was then bad and unsafe for travel; that by the road most frequently travelled, it was one hundred and fifty miles; and that the defendant in fact went by the route first mentioned. *Pierce* then gave to the defendant an order on a person in *Eastport*

for fifty dollars, which was paid. The plaintiff was then indebted to the defendant on a note, but no part of the fifty dollars was appropriated towards the payment of it, and the whole has since been collected of the plaintiff. Before the commencement of the suit, the plaintiff demanded of the defendant the balance of the fifty dollars above paying the costs and fees on the execution. The defendant replied, that the costs and fees, with another claim of seven dollars, amounted to more than the fifty dollars.

The counsel for the plaintiff requested the Judge to instruct the jury, that if they should believe that the defendant acted merely as the agent of the creditors in effecting an arrangement of the execution, he would not be entitled to receive any thing from the plaintiff, but must resort to the creditors for his compensation. The Judge, thinking that the evidence would not justify the jury in such conclusion, declined giving such instruction. The plaintiff's counsel then insisted, that the defendant was entitled to receive poundage only upon the four hundred dollars secured. The Judge instructed the jury, that the defendant was entitled to poundage on the whole amount of the execution. The jury found that the claim set up by the defendant for seven dollars was not supported, and returned a verdict for the plaintiff for the balance of the fifty dollars, having first deducted the costs and the fees for travel, and dollarage on the full amount of the execution. The plaintiff filed exceptions to the ruling and instructions of the Judge.

Bridges, for the plaintiff, argued in support of the points made at the trial, and cited *Shattuck* v. *Woods,* 1 *Pick.* 171; *Commonwealth* v. *Bagley,* 7 *Pick.* 279.

*Chase* and *Fuller* argued for the defendant, and insisted that the sheriff was entitled to dollarage on the whole amount of the execution. Any consideration which the creditors were willing to take as a satisfaction for their debt, received by the officer of the debtor and paid to the creditor, is a payment, and entitles the officer to his fees. Having the execution, he was responsible for the whole amount, and if nothing had been secured, he was bound to have committed the plaintiff for the full sum. There is no distinction as to the right to receive fees between our statute and that of *New-York.* *Scott* v. *Shaw,* 13 *Johns. R.* 378; *Hildreth* v.

*Ellice,* 1 *Caines,* 192 ; *Bolton* v. *Lawrence,* 9 *Wend.* 435 ; 17 *Wend.* 14 ; 5 *Johns. R.* 252.

The opinion of the Court was prepared by

SHEPLEY J. — The sheriff was allowed fees by the *statute* of 1821 *c.* 105, for "levying executions." And by *statute* of 1829, *c.* 445, " for levying and collecting executions." In this case the sheriff collected only four hundred dollars and the costs. And if he had made a return of his doings upon the execution, he could have returned only, that he had collected that sum, and the execution would have remained unsatisfied for the remainder; for he was not authorized to satisfy the execution, but to " return the execution to be discharged." It was indeed satisfied, but not by any collusion to deprive the sheriff of his fees, for he was informed at the time he received it, that an arrangement had been made for its discharge by the payment of that sum. Nor can it be justly said, that the whole amount was at the risk of the defendant, for if the plaintiff had failed to obtain the security required, and the defendant had neglected to arrest him, he would be liable to the creditor only for the injury actually sustained, and might prove the inability of the plaintiff to pay the whole debt.

The statute provides, that the travel shall be computed " by the usual way," and it is not material whether the sheriff travelled a more or less distant way to suit his own convenience. In this case he will be entitled to fees for such travel, and on the amount collected, and to nothing more.

*Exceptions sustained.*